# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS

No. 13-780V

**Filed: November 4, 2016**

| | |
|---|---|
| * * * * * * * * * * * * * * * | UNPUBLISHED |
| MISTY HOGAN and JAMES HOGAN, * | |
| on behalf of S.M.H., their minor child, * | |
| * | Special Master Hamilton-Fieldman |
| Petitioners, * | |
| * | Joint Stipulation on Damages; |
| v. * | Measles-Mumps-Rubella Vaccine; |
| * | Varicella; Diptheria-Tetanus- |
| SECRETARY OF HEALTH * | Acellular Pertussis-Inactivated Polio |
| AND HUMAN SERVICES, * | Virus Vaccine; Aplastic Anemia. |
| * | |
| Respondent. * | |
| * * * * * * * * * * * * * * * | |

Danielle A. Strait, Maglio Christopher & Toale, PA, Washington D.C., for Petitioners.
Heather L. Pearlman, United States Department of Justice, Washington, D.C., for Respondent.

## DECISION[1]

On October 8, 2013, Misty and James Hogan ("Petitioners") filed a petition on behalf of their minor child, S.M.H. for compensation pursuant to the National Vaccine Injury Compensation Program.[2] 42 U.S.C. §§ 300aa-1 to -34 (2012). Petitioners alleged that as a result of the measles-mumps-rubella ("MMR"); varicella; and the diptheria-tetanus-acellular pertussis-inactivated polio virus ("DTaP-IPV") vaccines administered on February 2, 2012, S.M.H. contracted aplastic anemia. See Stipulation for Award at ¶

---

[1] Because this decision contains a reasoned explanation for the undersigned's action in this case, the undersigned intends to post this decision on the website of the United States Court of Federal Claims, in accordance with the E-Government Act of 2002, codified as amended at 44 U.S.C. § 3501 note (2012). As provided by Vaccine Rule 18(b), each party has 14 days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b).

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-1 to -34 (2006) (Vaccine Act or the Act). All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

2, 4, filed Nov. 3, 2016.  Petitioners further alleged that she suffered residual effects of this injury for more than six months. Id. at ¶ 4.

On November 3, 2016, the parties filed a stipulation in which they state that a decision should be entered awarding compensation to Petitioners.  Respondent denies that the MMR, varicella, and DTaP-IPV vaccines received on February 2, 2012 caused S.M.H.'s aplastic anemia, or any other injury.  Id. at ¶ 6.  Nevertheless, the parties agree to the joint stipulation, attached hereto as Appendix A.  The undersigned finds the stipulation reasonable and adopts it as the decision of the Court in awarding damages, on the terms set forth therein.

The parties stipulate that Petitioners shall receive the following compensation:

1. **A lump sum payment of $3,523.90 representing compensation for full satisfaction of the Commonwealth of Pennsylvania Medicaid lien, in the form of a check payable jointly to petitioners and:**

   **Department of Human Services**
   **Bureau of Program Integrity**
   **Division of Third Party Liability Recovery Section**
   **P.O. Box 8486**
   **Harrisburg, Pennsylvania 17105-8486**
   **Attn: Wanda Durf**
   **CIS #: 630234569**

   **Petitioners agree to endorse this payment to the Department of Human Services;**

2. **A lump sum payment of $1,644.00, in the form of a check payable to petitioners, Misty and James Hogan, which amount represents compensation for past unreimbursed expenses; and**

3. **A lump sum payment of $76,751.38, in the form of a check payable to petitioners, Misty and James Hogan, as guardians/conservators of S.M.H.'s estate. This amount represents compensation for all remaining damages that would be available under 42 U.S.C. § 300aa-15(a).**

Id. at ¶ 8.

The undersigned approves the requested amounts for Petitioners' compensation. Accordingly, an award should be made consistent with the stipulation.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court **SHALL ENTER JUDGMENT** in accordance with the terms of the parties' stipulation.[3]

**IT IS SO ORDERED.**

s/ Lisa Hamilton-Fieldman
Lisa Hamilton-Fieldman
Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of notice renouncing the right to seek review.

IN THE UNITED STATES COURT OF FEDERAL CLAIMS
OFFICE OF SPECIAL MASTERS

|  |  |
|---|---|
| MISTY and JAMES HOGAN, on behalf of S.M.H., their minor child, | ) ) ) |
| Petitioners, | ) ) |
| v. | ) ) |
| SECRETARY OF HEALTH AND HUMAN SERVICES | ) ) ) |
| Respondent. | ) ) ) |

No. 13-780V
Special Master Lisa Hamilton-Fieldman
ECF

## STIPULATION

The parties hereby stipulate to the following matters:

1. On behalf of their daughter, S.M.H., petitioners filed a petition for vaccine compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 to 34 (the "Vaccine Program"). The petition seeks compensation for an injury allegedly related to S.M.H.'s receipt of measles-mumps-rubella ("MMR"), varicella, and diphtheria-tetanus-acellular pertussis – inactivated polio virus ("DTaP-IPV") vaccines, which vaccines are contained in the Vaccine Injury Table (the "Table"), 42 C.F.R. § 100.3(a).

2. S.M.H. received the MMR, varicella, and DTaP-IPV vaccinations on February 2, 2012.

3. The vaccines were administered within the United States.

4. Petitioners allege that S.M.H. contracted aplastic anemia as a result of her MMR, varicella and DTaP-IPV vaccinations. They further allege that S.M.H. experienced residual effects of this injury for more than six months.

1

\

5. Petitioners represent that there has been no prior award or settlement of a civil action

for damages on behalf of S.M.H. as a result of her condition.

6. Respondent denies that S.M.H.'s aplastic anemia or any other injury was caused-in-

fact by her February 2, 2012, MMR, varicella, and DTaP-IPV vaccinations.

7. Maintaining their above-stated positions, the parties nevertheless now agree that the

issues between them shall be settled and that a decision should be entered awarding the

compensation described in paragraph 8 of this Stipulation.

8. As soon as practicable after an entry of judgment reflecting a decision consistent with

the terms of this Stipulation, and after petitioners have filed an election to receive compensation

pursuant to 42 U.S.C. § 300aa-21(a)(1), the Secretary of Health and Human Services will issue

the following vaccine compensation payments:

a.  a lump sum payment of $3,523.90, representing compensation for full satisfaction of
the Commonwealth of Pennsylvania Medicaid lien, in the form of a check payable jointly
to petitioners and:

Department of Human Services
Bureau of Program Integrity
Division of Third Party Liability Recovery Section
P.O. Box 8486
Harrisburg, Pennsylvania 17105-8486
Attn: Wanda Durf
CIS #: 630234569

Petitioners agree to endorse this payment to the Department of Human Services;

b.  a lump sum payment of $1,644.00, in the form of a check payable to petitioners, Misty
and James Hogan, which amount represents compensation for past unreimbursed
expenses; and

c.  a lump sum payment of $76,751.38, in the form of a check payable to petitioners,
Misty and James Hogan, as guardians/conservators of S.M.H.'s estate.  42 U.S.C.
§ 300aa-15(a)(1)(B).  This amount represents compensation for all remaining damages
that would be available under 42 U.S.C. § 300aa-15(a).

2

9. As soon as practicable after the entry of judgment on entitlement in this case, and after petitioners have filed both a proper and timely election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), and an application, the parties will submit to further proceedings before the special master to award reasonable attorneys' fees and costs incurred in proceeding upon this petition.

10. Petitioners and their attorney represent that compensation to be provided pursuant to this Stipulation is not for any items or services for which the Program is not primarily liable under 42 U.S.C. § 300aa-15(g), to the extent that payment has been made or can reasonably be expected to be made under any State compensation programs, insurance policies, Federal or State health benefits programs (other than Title XIX of the Social Security Act (42 U.S.C. § 1396 et seq.)), or by entities that provide health services on a pre-paid basis.

11. Payments made pursuant to paragraph 8, and any amounts awarded pursuant to paragraph 9 of this Stipulation will be made in accordance with 42 U.S.C. § 300aa-15(i), subject to the availability of sufficient statutory funds.

12. The parties and their attorneys further agree and stipulate that, except for attorneys' fees and costs and past unreimbursable expenses, the money provided pursuant to this Stipulation will be used solely for the benefit of S.M.H. as contemplated by a strict construction of 42 U.S.C. § 300aa-15(a) and (d), and subject to the conditions of 42 U.S.C. § 300aa-15(g) and (h).

13. Petitioners represents that they presently are, or within 90 days of the date of judgment will become, duly authorized to serve as guardians/conservators of S.M.H.'s estate under the laws of the Commonwealth of Pennsylvania. No payments pursuant to this Stipulation shall be made until petitioners provide the Secretary with documentation establishing their

3

appointment as guardians of S.M.H.'s estate. If petitioners are not authorized by a court of
competent jurisdiction to serve as guardians of the estate of S.M.H. at the time a payment
pursuant to this Stipulation is to be made, any such payment shall be paid to the party or parties
appointed by a court of competent jurisdiction to serve as guardian(s)/conservator(s) of the estate
of S.M.H. upon submission of written documentation of such appointment to the Secretary.

14. In return for the payments described in paragraphs 8 and 9, petitioners, in their
individual capacity and as legal representatives of S.M.H., on behalf of themselves, S.M.H., and
her heirs, executors, administrators, successors or assigns, does forever irrevocably and
unconditionally release, acquit and discharge the United States and the Secretary of Health and
Human Services from any and all actions or causes of action (including agreements, judgments,
claims, damages, loss of services, expenses and all demands of whatever kind or nature) that
have been brought, could have been brought, or could be timely brought in the Court of Federal
Claims, under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 et seq.,
on account of, or in any way growing out of, any and all known or unknown, suspected or
unsuspected personal injuries to or death of S.M.H. resulting from, or alleged to have resulted
from, the MMR, varicella, and DTaP-IPV vaccinations administered on February 2, 2012, as
alleged by petitioners in a petition for vaccine compensation filed on or about October 8, 2013,
in the United States Court of Federal Claims as petition No. 13-780V.

15. If S.M.H. should die prior to entry of judgment, this agreement shall be voidable
upon proper notice to the Court on behalf of either or both of the parties.

16. If the special master fails to issue a decision in complete conformity with the terms
of this Stipulation or if the Court of Federal Claims fails to enter judgment in conformity with a

4

decision that is in complete conformity with the terms of this Stipulation, then the parties' settlement and this Stipulation shall be voidable at the sole discretion of either party.

17. This Stipulation expresses a full and complete negotiated settlement of liability and damages claimed under the National Childhood Vaccine Injury Act of 1986, as amended, except as otherwise noted in paragraph 9 above. There is absolutely no agreement on the part of the parties hereto to make any payment or to do any act or thing other than is herein expressly stated and clearly agreed to. The parties further agree and understand that the award described in this Stipulation may reflect a compromise of the parties' respective positions as to liability and/or amount of damages, and further, that a change in the nature of the injury or condition or in the items of compensation sought, is not grounds to modify or revise this agreement.

18. This Stipulation shall not be construed as an admission by the United States or the Secretary of Health and Human Services that MMR, varicella, or DTaP-IPV vaccines caused S.M.H.'s aplastic anemia, or any other injury.

19. All rights and obligations of petitioners hereunder shall apply equally to petitioners' heirs, executors, administrators, successors, and/or assigns as legal representative of S.M.H.

END OF STIPULATION

/

/

/

/

/

/

5

Respectfully submitted,

**PETITIONERS:**

MISTY HOGAN

JAMES HOGAN

**ATTORNEY OF RECORD FOR PETITIONERS:**

DANIELLE A. STRAIT
Counsel of Record for Petitioners
MAGLIO CHRISTOPHER & TOALE
1455 Pennsylvania Avenue, N.W., Suite 400
Washington, DC 20004
(941) 952-5242

**AUTHORIZED REPRESENTATIVE OF THE ATTORNEY GENERAL:**

CATHARINE E. REEVES
Acting Deputy Director
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146

**AUTHORIZED REPRESENTATIVE OF THE SECRETARY OF HEALTH AND HUMAN SERVICES:**

NARAYAN NAIR, M.D.
Director, Division of Injury
Compensation Programs
Healthcare Systems Bureau
U.S. Department of Health
and Human Services
5600 Fishers Lane
Parklawn Building, Mail Stop 08N146B
Rockville, MD 20857

**ATTORNEY OF RECORD FOR RESPONDENT:**

HEATHER L. PEARLMAN
Assistant Director
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146
(202) 353-2699

Dated: 11/03/16

6