# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
Filed: July 24, 2017

| | | |
|---|---|---|
| * * * * * * * * * * * * * * * * | | |
| MISTY HOGAN and JAMES HOGAN, | * | No. 13-780V |
| on behalf of S.M.H., their minor child, | * | |
| | * | |
| Petitioners, | * | Special Master Sanders |
| | * | |
| v. | * | |
| | * | Attorneys' Fees and Costs; |
| SECRETARY OF HEALTH | * | Expert Fees; Reasonable Time |
| AND HUMAN SERVICES, | * | Expended. |
| | * | |
| Respondent. | * | |
| * * * * * * * * * * * * * * * * | | |

Danielle A. Strait, Maglio Christopher & Toale, PA, Seattle, WA, for Petitioners.
Heather L. Pearlman, United States Department of Justice, Washington, DC, for Respondent.

**DECISION AWARDING ATTORNEYS' FEES AND COSTS**[1]

On October 8, 2013, Misty and James Hogan ("Petitioners") filed a petition on behalf of their minor child, S.M.H., for compensation pursuant to the National Vaccine Injury Compensation Program.[2]  42 U.S.C. §§ 300aa-10 to -34 (2012).  Petitioners alleged that S.M.H. contracted aplastic anemia as a result of the measles-mumps-rubella ("MMR"); varicella; and the diphtheria-tetanus-acellular pertussis-inactivated polio virus ("DTaP-IPV") vaccines administered on February 2, 2012.  Decision 1, ECF No. 53.  On November 4, 2016, Special Master Hamilton-Fieldman issued a decision awarding Petitioners compensation pursuant to the

---

[1] This decision shall be posted on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).  In accordance with Vaccine Rule 18(b), a party has 14 days to identify and move to delete medical or other information that satisfies the criteria in § 300aa-12(d)(4)(B).  Further, consistent with the rule requirement, a motion for redaction must include a proposed redacted decision.  If, upon review, the undersigned agrees that the identified material fits within the requirements of that provision, such material will be deleted from public access.

[2] The Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended, 42 U.S.C. §§ 300aa-10 to -34. (2012) (hereinafter "Vaccine Act" or "the Act").  Hereinafter, individual section references will be to 42 U.S.C. § 300aa of the Act.

parties' stipulation. *Id.* On January 23, 2017, the case was transferred to the undersigned. Not. Reassignment, ECF No. 59.

On May 30, 2017, Petitioners submitted their application for Attorneys' Fees and Costs. Mot. Att'ys' Fees, ECF No. 62. On June 12, 2017, Respondent filed his Response to Petitioners' Motion. Resp't's Resp., ECF No. 63. Petitioners filed their reply on June 14, 2017. Pet'rs' Reply, ECF No. 64. This matter is now ripe, and after careful consideration, the undersigned grants Petitioners' Motion for Attorneys' Fees in part.

## I. PROCEDURAL HISTORY

In Petitioners' Motion for Attorneys' Fees, they requested $43,941.70 in attorneys' fees and $33,191.09 in costs, totaling $77,132.79. Mot. Att'ys' Fees 3. Petitioners also requested $4,269.43 for the fees and costs of outside counsel, MacElree Harvey, Ltd. ("MacElree Harvey"), to establish a guardianship and trust for S.M.H.'s award. *Id.* at 2. Petitioners averred that they incurred no personal costs during this case. Pet'rs' Ex. 58, ECF No. 62-5. Petitioners' counsel, Ms. Danielle Strait, requested an hourly rate of $295 for her work performed from 2012 through 2015. Pet'rs' Ex. 55 at 26, ECF No. 62-2. Ms. Strait increased her hourly rate request to $306 for her work performed in 2016 and requested $320 per hour for 2017. Pet'rs' Ex. 55 at 26. Two other attorneys in Ms. Strait's firm requested compensation for their work in this case. For the work they each performed in 2017, Ms. Cecelia Stultz requested an hourly rate of $250, and Ms. Diana Stadelnikas requested an hourly rate of $372. *Id.*

Ms. Strait also requested compensation for the work of her firm's paralegals and law clerk. *Id.* The paralegals requested hourly rates of $95, $105, $135, and $145 for their work throughout this case. *Id.* Ms. Strait's law clerk requested an hourly rate of $145 for her work in 2017. *Id.*

Ms. Strait's application for costs included three invoices for her experts. Dr. Eric Gershwin sent two invoices to Ms. Strait, for $9,750 and $3,000. Pet'rs' Ex. 56 at 23, 29, ECF No. 62-3. Dr. Gershwin requested an hourly rate of $500 per hour. *Id.* Dr. Edwin Forman also billed $500 per hour for a total of $13,500. *Id.* at 38-39.

Respondent filed a response to Petitioners' motion, but asserted that neither the Vaccine Act nor Vaccine Rule 13 "contemplate[] any role for [R]espondent in the resolution of a request by a petitioner for an award of attorneys' fees and costs." Resp't's Resp. 1. Respondent consequently requested for the undersigned to "exercise her discretion and determine a reasonable award for attorneys' fees and costs." *Id.* at 3.

Petitioners argued in their Reply that Respondent's position forces the Court to conduct its own inquiry into the reasonableness of petitioners' requests. Pet'rs' Reply 2. Placing this burden upon the Court, Petitioners claimed, precludes petitioners from offering clarification if the Court has any "issues or misperceptions" regarding petitioners' motions for fees and costs. *Id.* Petitioners then argued that they met their burden in showing the reasonableness of their fee requests and therefore should be reimbursed in full. *Id.* at 3-5.

2

For the reasons articulated below, the undersigned awards Petitioners $42,772.80 for attorneys' fees, $31,616.09 for attorneys' costs, and the costs of MacElree Harvey in full, for a total award of $78,658.32.

## II. STANDARDS FOR ADJUDICATION

The Federal Circuit has approved the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act. *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1348 (Fed. Cir. 2008). This is a two-step process. *Id.* First, a court determines an "initial estimate . . . by 'multiplying the numbers of hours reasonably expended on the litigation times a reasonable hourly rate.'" *Id.* at 1347-48 (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). Second, the court may make an upward or downward departure from the initial calculation of the fee award based on specific findings. *Id.* at 1348.

It is "well within the special master's discretion" to determine the reasonableness of fees. *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521-22 (Fed. Cir. 1993); *see also Hines v. Sec'y of Health & Human Servs.*, 22 Cl Ct. 750, 753 (1991) ("[T]he reviewing court must grant the special master wide latitude in determining the reasonableness of both attorneys' fees and costs."). Applications for attorneys' fees must include contemporaneous and specific billing records that indicate the work performed and the number of hours spent on said work. *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316-18 (2008). Special masters may adjust a fee request *sua sponte*, apart from objections raised by Respondent and without providing petitioners with notice and opportunity to respond. *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (2009). Attorneys may be awarded fees for travel if they provide adequate documentation that they performed legal work during that travel. *Gruber v. Sec'y of Health & Human Servs.*, 91 Fed. Cl. 773, 791 (2010). Special masters compensate fees and costs associated with obtaining a guardianship or trust in state courts where establishing a guardianship or trust is a condition of the parties' settlement. *Snyder v. Sec'y of Health & Human Servs.*, No. 14-482V, 2017 WL 1291794, at *2 (Fed. Cl. Spec. Mstr. Mar. 13, 2017) (citing *Sucher v. Sec'y of Health & Human Servs.*, No. 07-058V, 2013 WL 5532179, at *8 (Fed. Cl. Spec. Mstr. Sept. 17, 2013)).

The decision in *McCulloch* provides a framework for consideration of appropriate ranges for attorneys' fees based upon the experience of the practicing attorney. *McCulloch v. Sec'y of Health & Human Servs.*, No. 09-293V, 2015 WL 5634323, at *19 (Fed. Cl. Spec. Mstr. Sept. 1, 2015), *motion for recons. denied*, 2015 WL 6181910 (Fed. Cl. Spec. Mstr. Sept. 21, 2015). In *McCulloch*, Special Master Gowen held that an attorney with twenty or more years of experience has a reasonable hourly rate between $350 and $425. *Id.* The Court recently updated the *McCulloch* rates for 2017.[3] For attorneys with twenty to thirty years of experience, the reasonable hourly fee range for work performed in 2017 is $358 to $424. The revised rate

---

[3] The 2017 Fee Schedule can be accessed at: http://www.uscfc.uscourts.gov/sites/default/files/Attorneys-Forum-Rate-Fee-Schedule-2017.pdf. The hourly rates contained in the 2017 Fee Schedule are updated from the decision *McCulloch v. Secretary of Health and Human Services*. 2015 WL 5634323 at *19.

3

schedule also contains increased rates for attorneys with more than thirty-one years of experience.

In *Avera*, the Federal Circuit determined that the forum of the Vaccine Act is Washington, DC, and that the forum rate for attorneys' fees should generally apply in Program cases. 515 F.3d at 1348. However, the Federal Circuit created an exception pursuant to *Davis County*: where most of an attorney's work is performed outside of the forum and there is a "very significant difference" between the forum rate and the attorney's lower local rate, a court should calculate fees under the local rate. *Id.* at 1349 (quoting *Davis Cty. Solid Waste Mgmt. v. United States Envtl. Prot. Agency*, 169 F.3d 755, 758 (D.C. Cir. 1999)). A court must first determine the forum rate, then determine the local rate, and finally determine whether a "very significant difference" exists between them. *Davis Cty.*, 169 F.3d at 758.

### III. DISCUSSION

#### A. Reasonable Hourly Rate

The first step of the lodestar approach involves determining an estimate by calculating "the numbers of hours reasonably expended on the litigation times a reasonable hourly rate." *Avera*, 515 F.3d at 1347-48 (quotation omitted). The majority of Ms. Strait's work in this case was performed in Washington, DC; therefore, forum rates will apply.[4]

The undersigned recently calculated Ms. Strait's reasonable hourly rates for 2016 and 2017 in *Schultheis v. Secretary of Health and Human Services*. No. 13-781V, 2017 WL 2825819 (Fed. Cl. Spec. Mstr. June 5, 2017). For 2016, Ms. Strait's reasonable hourly rate is $300, and for 2017, her reasonable hourly rate is $307. *Id.* at *2. The resulting deduction in Ms. Strait's overall award is $330.40.

Two other attorneys submitted hours in this case, Ms. Diana Stadelnikas and Ms. Cecelia Stultz. Pet'rs' Ex. 55 at 26. Ms. Stadelnikas' requested rate recently was found to be reasonable in *Diaz v. Secretary of Health and Humans Services*. No. 15-1196V, 2017 WL 1632509 (Fed. Cl. Spec. Mstr. Mar. 22, 2017). *See also Shock v. Sec'y of Health & Human Servs.*, No. 15-1328, 2017 WL 1435887 (Fed. Cl. Spec. Mstr. Mar. 29, 2017). The undersigned therefore finds Ms. Stadelnikas' requested rate to be reasonable. However, Ms. Stultz request of $250 per hour is unreasonable given her experience in the Vaccine Program. *See Noblett v. Sec'y of Health & Human Servs.*, No. 14-969V, 2017 WL 3033932, at *3 (Fed. Cl. Spec. Mstr. June 15, 2017). The undersigned finds that a reasonable hourly rate for Ms. Stultz is $230 per hour for her work in 2017. *Id.* This resulting deduction equals $14.

In *McCulloch*, Special Master Gowen found that it was reasonable to award $135 per hour to each paralegal who was "[a] well-qualified, carefully chosen college graduat[e]" with

---

[4] Ms. Strait submitted requests for hours performed in her firm's Seattle, Washington office. Although forum rates are applied to the requested fees in this case, the undersigned does not reach the question of whether Ms. Strait is entitled to the forum rate for her work performed in Seattle. This decision does not constitute such a determination.

4

"several years at the firm doing exclusively vaccine work." 2015 WL 5634323 at *21. The updated hourly rates for 2017 provide a range of hourly rates for paralegals from $128 to $148.[5] Upon review, the undersigned finds the rates requested by Ms. Strait for the work of her paralegals to be reasonable.

### B. Hours Expended

The second step in *Avera* is for the Court to make an upward or downward modification based upon specific findings. 515 F.3d at 1348. Ms. Strait's billing records are, for the most part, reasonable; however, the undersigned found numerous unreasonable billing requests made by Ms. Strait and her firm's personnel. Ms. Strait requested compensation for administrative work, interoffice email, and travel.

Ms. Strait and her firm's paralegals submitted billing requests for administrative tasks, including preparing payment for Petitioners' experts and medical records. Pet'rs' Ex. 55 at 8, 9, 10, 13, 16, 17, 18. Clerical and secretarial tasks are not compensable. *See, e.g.*, *McCulloch*, 2015 WL 5634323, at *26. For example, in July and September of 2014, Ms. Christine Coleiro, a paralegal with Ms. Strait's firm, requested fees to "review and approve payment to Dr. Gershwin." Pet'rs' Ex. 55 at 8, 9. On January 26, 2016, two paralegals, Ms. Emily Monahan and Ms. Stacie Blanchard, both requested fees for paying Reading Pediatrics for medical records. *Id.* at 16. Unreimbursable requests for secretarial tasks occurred on July 23 and 25, 2014; September 22, 2014; October 20, 2014; May 29, 2015; June 17, 2015; January 26, 2016; February 16, 2016; March 23, 2016; and April 4, 2016. *Id.* at 8, 9, 10, 13, 16, 17, 18. The deduction for these requests equals $327.50.

The undersigned will not award Ms. Strait attorneys' fees for billing records related to interoffice email. Ms. Strait and her paralegals billed for their time spent emailing one another on September 22, 2014; January 15, 2016; March 29, 30, and 31, 2016; April 4, 2016; July 28, 2016; August 30, 2016; and December 1, 2016. *Id.* at 9, 15, 18, 19, 20, 23. The resulting deduction for these requests equals $202.00.

Ms. Strait requested compensation for travel on November 3, 2014. *Id.* at 10. Her billing record reads, "Drive from 20784 to Douglassville, PA for client visit." *Id.* An attorney is entitled to attorneys' fees for travel if he or she can show that they performed work during that travel. *Gruber v. Sec'y of Health & Human Servs.*, 91 Fed. Cl. 773, 791 (2010). Ms. Strait's record is insufficient for a full award of attorneys' fees. However, the undersigned will grant two-thirds of her request, as ground travel includes opportunity costs not found in air travel. *See Collins v. Sec'y of Health & Human Servs.*, No. 15-661V, 2017 WL 1315687, at *3 (Fed. Cl. Spec. Mstr. Mar. 14, 2017). The total for this deduction equals $295.00.

Upon review, the undersigned finds MacElree Harvey's billing records to be reasonable. Pet'rs' Ex. 57. There are no unreasonable hourly fee requests or hours billed. Furthermore, the creation of a guardianship for Petitioners' award was a necessary element of the parties'

---

[5] *See supra* note 3.

5

stipulation. Stipulation 3-4, ECF No. 52; *see also* Decision 2. The undersigned thus awards the attorneys' fees and costs of MacElree Harvey in full.

### C. Costs

Like attorneys' fees, a request for reimbursement of costs must be reasonable. *Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (1992). Most of Ms. Strait's cost records are for the printing, shipping, and acquisition of medical records. Pet'rs' Ex. 56 1-2, ECF No. 62-3. Ms. Strait's records also includes payments to Dr. Gershwin for a total of $12,750 and to Dr. Forman for $13,500. *Id.* at 2. Both physicians requested hourly rates of $500. *Id.* at 23, 29, 38-39.

Other special masters have recently found Dr. Gershwin's hourly rate of $500 to be reasonable. *Rosof v. Sec'y of Health & Human Serv.*, No. 14-760V, 2017 WL 1649802 (Fed. Cl, Spec. Mstr. Mar. 31, 2017); *see also I.H. v. Sec'y of Health & Human Servs.*, No. 13-766V, 2016 WL 7666536 (Fed. Cl. Spec. Mstr. Dec. 16, 2016). The undersigned agrees and finds Dr. Gershwin's hourly rate to be reasonable. Upon review, there are no unnecessary hours requested by Dr. Gershwin, and the undersigned will award his costs in full.

The undersigned finds Dr. Forman's requested hourly rate to be reasonable as well. Dr. Forman graduated from medical school in 1960, performed his residency at Johns Hopkins Hospital, and began his academic career in 1973 as a clinical instructor at Brown University. Pet'rs' Ex. 53 at 2-3, ECF No. 41-1. He is board certified in pediatrics and is a current attending physician in pediatric hematology/oncology at Mount Sinai Hospital. *Id.* at 1. The undersigned finds that an hourly rate of $500 is reasonable given Dr. Forman's experience and expertise.

However, the undersigned must reduce the overall cost granted for Dr. Forman's expert report. Under the total calculation of the time worked on this case, Dr. Forman listed 27 hours at $500 for an overall cost of $13,500. Pet'rs' Ex. 56 at 39. However, Dr. Forman's documented records show only 26.5 hours of work. *See id.* at 38-39. The undersigned will not compensate Dr. Forman for the half hour that is not documented. The undersigned also finds that Dr. Forman expended an unreasonable amount of time in preparing his expert report. Dr. Forman labeled 7 of the 27 hours he billed as "Communications." *Id.* at 38. The 7 hours Dr. Forman spent in communications contrasts with the .75 hours, out of a total of 30.5, Dr. Gershwin recorded for speaking with Ms. Strait.[6] *Id.* at 23, 29. The undersigned finds Dr. Forman's requests for communications unreasonable. The undersigned will therefore reduce the award for Dr. Forman's report by ten percent. This total deduction equals $1,575.

### IV. CONCLUSION

In accordance with the Vaccine Act, 42 U.S.C. § 300aa-15(e) (2012), the undersigned finds that Petitioners are entitled to attorneys' fees and costs. Accordingly, the undersigned hereby awards the amount of **$78,658.32** as follows:

---

[6] It is unclear from Dr. Forman's billing records with whom he was communicating. *See* Pet'rs' Ex. 56 at 38.

- **The total of $74,388.89,[7] to be issued in the form of a check payable jointly to Petitioners and Petitioners' counsel, Danielle Strait, of Maglio Christopher & Toale, PA, for attorneys' fees and costs;[8]**
- **The total of $4,269.43,[9] to be issued in the form of a check payable jointly to Petitioners and Petitioners' counsel, Kristen R. Matthews, of MacElree Harvey, Ltd., for attorneys' fees and costs.[10]**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court **SHALL ENTER JUDGMENT** in accordance with the terms of the above decision.[11]

**IT IS SO ORDERED.**

      s/Herbrina D. Sanders
      Herbrina D. Sanders
      Special Master

---

[7] This amount is intended to cover all legal expenses incurred in this matter. This award encompasses all charges by the attorney against a client, "advanced costs" as well as fees for legal services rendered. Furthermore, § 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein. *See generally Beck v. Sec'y of Health & Human Servs.*, 924 F.2d 1029 (Fed. Cir.1991).

[8] This check shall be forwarded to Maglio Christopher & Toale, PA, 1605 Main Street, Suite 710, Sarasota, FL 34236.

[9] *See supra* note 7.

[10] This check shall be forwarded to Kristen R. Matthews, Esq., MacElree Harvey, Ltd., 17 West Miner Street, West Chester, PA 19381.

[11] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of a notice renouncing the right to seek review.